1  PHILLIP A. TALBERT
   Acting United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO.  1:21-MJ-00111 SAB

12                         Plaintiff,        STIPULATION REGARDING EXCLUDABLE
                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
13             v.                            FINDINGS AND ORDER

14  GENO JEOVANI MACIEL,                     DATE: March 25, 2022
                                             TIME: 2:00 p.m.
15                         Defendant.        COURT: Hon. Sheila K. Oberto

16

17         This case is set for a preliminary hearing on March 25, 2022.  The parties agree and stipulate to

18  continue the preliminary hearing until May 6, 2022.  Defense counsel have continued to be engaged in

19  discussions and further investigation, and need additional time to conclude that process.

20         On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

21  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

22  continue all criminal matters to a date after June 1.  On May 13, 2020, this Court issued General Order

23  618, which suspends all jury trials in the Eastern District of California until further notice, and allows

24  district judges to continue all criminal matters.  This and previous General Orders were entered to

25  address public health concerns related to COVID-19.

26         Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days

27  after initial appearance if the defendant is in custody," unless the defendant consents and there is a

28  "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary

1  circumstances exist and justice requires the delay."  Here, the defendant consents and there is good

2  cause.

3        Although the General Orders address the district-wide health concern, the Supreme Court has

4  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

5  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

6  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

7  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

8  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

9  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

10  or in writing").

11        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

13  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

14  the ends of justice served by taking such action outweigh the best interest of the public and the

15  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

16  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

17  ends of justice served by the granting of such continuance outweigh the best interests of the public and

18  the defendant in a speedy trial."  *Id.*

19        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

20  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

21  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

22  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

23  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

24  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

25  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

26  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

27  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

28        In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for preliminary hearing on March 25, 2022.

2.     By this stipulation, defendant now moves to continue the preliminary hearing until **May 6, 2022, at 2:00 p.m.** and to exclude time between March 25, 2022, and May 6, 2022, under Local Code T4.

3.     The parties agree and stipulate, and request that the Court find the following:

a)     The parties are discussing and conducting further investigation into pre-indictment matters, and need additional time to conclude.

b)     Counsel for defendant desires additional time to consult with his client, conduct further investigation, and discuss charges with the government.

c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)     The government does not object to the continuance.

e)     Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause".  Here, the defendant consents and there is good cause as set forth herein.

f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which an indictment must be filed and within which a trial must commence, the time period of March 25, 2022 to May 6, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.


Dated:  March 18, 2022                            PHILLIP A. TALBERT
                                                  United States Attorney


                                                  /s/ KIMBERLY A. SANCHEZ
                                                  KIMBERLY A. SANCHEZ
                                                  Assistant United States Attorney


Dated:  March 18, 2022                            /s/ PETER JONES
                                                  PETER JONES
                                                  Counsel for Defendant
                                                  GENO JEOVANI MACIEL


**ORDER**

IT IS SO ORDERED.

Dated:   **March 21, 2022**

                                                  UNITED STATES MAGISTRATE JUDGE